IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WANDA LEWIS** | ) ) | |
| Plaintiff, | ) ) ) | **CIVIL ACTION NO.** |
| v. | ) ) ) | **COMPLAINT** |
| **STERN & EISENBERG, PC** | ) ) | **ARBITRATION** |
| Defendant. | ) ) ) | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Wanda Lewis, against Defendant Stern & Eisenberg, PC for violations Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692, *et seq.*

## PARTIES

2. Plaintiff Wanda Lewis is an adult individual residing in Philadelphia, PA.

3. Defendant Stern & Eisenberg, PC ("Stern & Eisenberg") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principle place of business located at 1581 Main Street, Suite 200, Warrington, PA. The principal purpose of Stern & Eisenberg is the collection of debts already in default using the mail and telephone, and Stern & Eisenberg regularly attempts to collect said debts.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. §1692k and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt ("hereafter the debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. Prior to October 15, 2015, Defendant initially contacted Plaintiff to coerce payment of the debt.

9. On around October 15, 2015, Plaintiff's counsel wrote Defendant Stern & Eisenberg a letter advising that Plaintiff was represented by counsel.

10. Notwithstanding that letter, Defendant continued to contact Plaintiff directly by telephone multiple times a day for months, in an attempt to coerce payment of the debt, with the intent to annoy, abuse or harass such persons contacted.

11. To date, the Defendant has continued to call Plaintiff through April 18, 2016.

12. The Defendant acted in a false, deceptive, misleading and unfair manner by continuing communications with any person after notice had been given that the person is represented by an attorney.

13. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with a consumer when the defendant knew, has knowledge of or can readily ascertain that the consumer is represented by an attorney.

14. Defendant acted in a false, deceptive, misleading and unfair manner by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

15. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within

compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of the acts and/or omissions of Defendant, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT ONE – VIOLATIONS OF THE FDCPA
### (Plaintiff v. Stern & Eisenberg)

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. Stern & Eisenberg is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

23.     Stern & Eisenberg violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(6), 1692c(a)(2), 1692e(10) and 1692f as evidenced by the following conduct:

(a)     Communicating with persons after notice that the person is represented by an attorney;

(b)     Communicating with persons known to be represented by an attorney; and

(c)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

24.     Stern & Eisenberg's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the debt.

25.     As a result of the above violations of the FDCPA, Stern & Eisenberg is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Costs and reasonable attorney's fees; and

(d) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:  /s/ Mark Mailman
MARK MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: May 4, 2016           *Attorneys for Plaintiff*

5